# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 05-41658
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR URBINA-PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1339-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Urbina-Perez appeals the 77-month sentence imposed following his guilty plea conviction for attempted illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. Urbina-Perez argues that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for a crime of violence, a 1995 Arizona conviction for aggravated assault on a peace officer. He contends that the statute of conviction, ARIZ. REV. STAT. ANN. § 13-1204(A)(5) and (C), encompasses conduct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amounting to simple assault, with the sole aggravating factor being the status of the victim as a peace officer.  He contends that the offense does not qualify as an enumerated offense under the Guidelines because the offense falls outside of the generic, contemporary meaning of aggravated assault.

The Government concedes that in the light of United States v. Fierro-Reyna, 466 F.3d 324 (5th Cir. 2006), the district court plainly erred in applying a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) based on Urbina-Perez's Arizona conviction for aggravated assault on a peace officer.  Accordingly, we vacate Urbina-Perez's sentence and remand for resentencing.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.